IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| LANCE M. BARNES, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 10-1086-CV-W-ODS ) |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) ) ) ) |
| Defendant. | ) |

## ORDER AND OPINION REVERSING AND REMANDING COMMISSIONER'S FINAL DECISION

Pending is Plaintiff's request for review of the final decision of the Commissioner of Social Security denying his disability applications. The Commissioner's decision is reversed and remanded.

## I. BACKGROUND

Plaintiff is a 32-year-old male with a work history as a retail sales clerk, retail assistant manager, and an optical technician. Plaintiff suffers from seizures. His first seizure in October 2002 occurred after an automobile accident in which he fractured his ankles. Plaintiff claims he is unable to work due to his seizure disorder and chronic pain in his ankles and knees.

Plaintiff began seeing neurologist Charles D. Donohoe, MD, in August 2007. In a letter dated June 11, 2008, Dr. Donohoe opined that "[Plaintiff's] frequent seizures, his inability to drive and the cognitive involvement related to his seizures and the medications have all acted in concert and render him unable to do sedentary work." Dr. Donohoe also wrote, "[I]t is my opinion from a neurological perspective, that the combination of his epilepsy and our society's somewhat obtuse response to this condition has severely hampered his ability to obtain gainful employment." And Dr.

Donohoe opined Plaintiff met Listing 11.02 in 20 C.F.R. § 404, Subpart P, App. 1, applicable to convulsive epilepsy.

Plaintiff also was treated by neurologist J Michael Seeley, MD. In a letter dated June 4, 2009, Dr. Seeley wrote that Plaintiff's automobile accident left him with "intractable seizures, memory difficulties and chronic pain." Describing Plaintiff's seizures occurring approximately once per month, Dr. Seeley wrote, "[H]e typically falls forward and loses consciousness, and will often stare prior to falling forward. The seizures typically last two to three minutes and he is amnestic of the events." After discussing Plaintiff's medications, Dr. Seeley continued, "His seizure disorder has been a major hindrance in his life and he has been unable to hold a job due to the seizures. He also has difficulty with concentrating and memory." Dr. Seeley concluded his letter after stating he "support[ed] [Plaintiff's] request for disability."

In weighing the medical opinions, the ALJ gave Dr. Donohoe's opinion "appropriate consideration" and assigned "moderate weight" to the opinion of Dr. Seeley (whom the ALJ considered an examining nontreating source). But the ALJ assigned "significant weight" to an opinion of non-disability rendered by a "single decisionmaker" (SDM),[1] believing her to be a medical doctor, which she was not. Citing the SDM's opinion and "the opinions of the examining non treating sources," the ALJ determined Plaintiff retained the residual functional capacity (RFC) to perform light work, and concluded Plaintiff could return to his prior employment.

## II. DISCUSSION

"[R]eview of [the Commissioner's] decision [is limited] to a determination whether the decision is supported by substantial evidence on the record as a whole. Substantial evidence is evidence which reasonable minds would accept as adequate to support the

---

[1] SDMs are disability examiners who "may make the initial disability determination in most cases without requiring the signature of a medical consultant." 71 FR 45890-01, 2006 WL 2283653 (F.R.)

2

Secretary's conclusion. [The Court] will not reverse a decision simply because some evidence may support the opposite conclusion." *Mitchell v. Shalala*, 25 F.3d 712, 714 (8th Cir. 1994) (citations omitted). Though advantageous to the Commissioner, this standard also requires that the Court consider evidence that fairly detracts from the final decision. *Forsythe v. Sullivan*, 926 F.2d 774, 775 (8th Cir. 1991). Substantial evidence means "more than a mere scintilla" of evidence; rather, it is relevant evidence that a reasonable mind might accept as adequate to support a conclusion. *Smith v. Schweiker*, 728 F.2d 1158, 1161-62 (8th Cir. 1984).

Plaintiff contends the ALJ's decision should be reversed because the ALJ treated the SDM like a medical source. The Commissioner concedes error occurred but counters it was harmless because "the ALJ would have reached the same result" regardless. The Commissioner downplays the SDM's role in the ALJ's decision, noting the ALJ did not assign the SDM's opinion "controlling" weight.

But the ALJ gave the opinion "significant" weight and relied heavily on it in making the decision. The ALJ summarized his RFC finding with the following sentence: "In sum, the above [RFC] assessment is supported by the opinions of [the SDM], as well as the opinions [sic] of the examining non treating sources" (bold font omitted). The ALJ had identified only one "examining non treating source[ ]" – *Dr. Seeley*. Thus, excluding the SDM, the only medical opinion the ALJ declared supportive of his RFC was Dr. Seeley's – which *favored* a finding of disability.[2] Although the record contains evidence that could support the denial of benefits, the Court can only speculate whether the ALJ would have reached the same result had he recognized the SDM was not a medical doctor. This distinguishes Plaintiff's case from those cited by the Commissioner. *See, e.g.*, *Northern v. Astrue*, No. 10-2-DLB, 2011 WL 720763, at *5 (E.D. Ky. Feb. 22, 2011).

The Court notes two additional issues. First, Plaintiff argues the ALJ failed to

---

[2] Although not explained by the ALJ, the apparent reason he thought Dr. Seeley's opinion supported the light-work RFC was because the SDM considered Plaintiff capable of medium work, which the ALJ found "overestimated [Plaintiff's] exertional capability."

3

inquire whether the vocational expert's testimony Plaintiff could perform his prior work conflicted with the Dictionary of Occupational Titles (DOT). Social Security Ruling (SSR) 00-4p obligates the ALJ to ask about any possible conflict between the vocational expert's testimony and the DOT when the expert testifies regarding the requirements of a job or occupation at steps four or five of the sequential analysis. 2000 WL 1898704, at *4 (S.S.A.) Contrary to the Commissioner's argument, there is no exception to this duty for expert testimony regarding prior work. *See id.* The ALJ failed to comply with SSR 00-4p in this case.[3]

Second, the ALJ did not consider Dr. Donohoe's opinion that Plaintiff satisfied Listing 11.02. The Commissioner argues Dr. Donohoe's opinion "was entitled to no deference." But the Commissioner's own regulations state that opinions from medical sources regarding whether a listing is met or equaled are "consider[ed]," even though the "final responsibility" for making this decision "is reserved to the Commissioner." 20 C.F.R. § 404.1527(e)(2). The Commissioner's argument fails to acknowledge this regulation, and there is no indication the ALJ complied with it.

## III. CONCLUSION

This case is reversed and remanded for reconsideration of Plaintiff's disability applications. A consultative examination may be arranged if the ALJ determines Plaintiff's medical records provide insufficient medical evidence about Plaintiff's impairments. Dr. Donohoe's opinion that Plaintiff satisfied Listing 11.02 should be considered by the ALJ at step three of the sequential analysis. And if testimony from a vocational expert is elicited, SSR 00-4p should be followed.
IT IS SO ORDERED.

                                                    /s/ Ortrie D. Smith
                                                    ORTRIE D. SMITH, SENIOR JUDGE
DATE: July 18, 2011                        UNITED STATES DISTRICT COURT

---

[3] In his decision, the ALJ wrote the vocational expert's testimony was accepted "in accordance with SSR 00-4P," but the hearing transcript proves otherwise.